UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT BOCHNAK, )<br>)<br>    Defendant. )<br>_____) | Civil Case No. <u>1:12-cv-07030</u> |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Malibu media, LLC ("Plaintiff"), and Defendant, Robert Bochnak ("Defendant"), by and through respective counsel, hereby report to the Court the status of the above captioned case:

**1.**     **The Nature of the Case.**

    A.     <u>Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.</u>

Plaintiff, Malibu Media, LLC, is represented by Paul Nicoletti of Nicoletti & Associates, 36880 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304, Tel. (248) 203-7800, and Mary Schulz of Schulz Law, P.C., 1144 E. State Street, Suite A260, Geneva, IL 30134, Tel. (224) 535-9510.

Defendant, Robert Bochnak, is represented by James A. McGurk of Law Offices of James A. McGurk, 10 South LaSalle Street, Suite 3300, Chicago, IL 60603, Tel. (312) 236-8900.

1

    B.  <u>Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.</u>

On September 1, 2012, Plaintiff filed its Complaint to permanently enjoin Defendant from directly and contributorily infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504-(a) and (c). There are currently no counterclaims in this case.

    C.  <u>Briefly identify the major legal and factual issues in the case.</u>

The principal legal issue in this case is whether Defendant willfully infringed on Plaintiff's copyrighted work pursuant to 17 U.S.C. § 101. The principal factual issue is whether Defendant used BitTorent to download and distribute Plaintiff's work.

    D.  <u>State the relief sought by any of the parties.</u>

In its Complaint, Plaintiff requests that the Court:

(a) permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(b) order that Defendant delete and permanently remove the torrent files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(c) order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(d) award Plaintiff the greater of: (i) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b); or (ii) statutory

        damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(e)    award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(f)    Grant Plaintiff any other and further relief this Court deems just and proper.

**2.    Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff's claim(s).**

    A.    <u>Identify all federal statutes on which federal question jurisdiction is based.</u>

This action is brought by 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

    B.    <u>If jurisdiction over any claims is based on diversity or supplemental jurisdiction:</u>

        (1)    State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

        (2)    Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

None of the claims are based on diversity or supplemental jurisdiction.

**3.    Status of Service.**

Defendant, Robert Bochnak, was served with a summons and Complaint on December 17, 2012.

**4.    Consent to Proceed Before a United States Magistrate Judge.**

The Parties do not consent to proceed before a Magistrate Judge.

**5.    Motions.**

  A. Briefly describe any pending motions.

There are currently no motions pending before the Court.

  B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

To date, Defendant has not filed an Answer or responsive pleading to Plaintiff's Complaint.

**6. <u>Status of Settlement Discussions.</u>**

The parties have discussed settlement but have been unable to reach an amicable resolution.

Respectfully submitted,

| | |
|---|---|
| By: /s/ *Mary K. Schulz* | By: /s/ *James A. McGurk* |
| Mary K. Schulz, Esq. | James A. McGurk, Esq, |
| SCHULZ LAW, P.C. | Law Offices of James A. McGurk |
| 1144 E. State Street, Suite A260 | 10 South LaSalle Street, Suite 3300 |
| Geneva, Il 60134 | Chicago, IL 60603 |
| Tel: (224) 535-9510 | Tel: (312) 236-8900 |
| Fax: (224) 535-9501 | Fax: (312)277-3497 |
| Email: schulzlaw@me.com | Email: jamcgurk@flash.net |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

       By: /s/ *Mary K. Schulz*