IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | ) ) ) ) ) | |
| | ) | Civil Action Case No. 12 C 7030 |
| Plaintiff, | ) ) | Hon. John J. Tharp, Jr. |
| vs. | ) | U.S. District Judge |
| | ) ) | |
| ROBERT BOCHNAK, | ) ) ) | |
| Defendant. | ) ) ) | |

**MOTION OF DEFENDANT TO VACATE DEFAULT AND FOR
LEAVE TO FILE ANSWER INSTANTER**

NOW Comes, Defendant Robert Bochnak , through his attorney, James A. McGurk, and pursuant to F.R.Civ.P. 55 (c), moves for entry of an order vacating the order of default and granting leave to the Defendant to file his answer *instanter*. In support of this motion, the Defendant states as follows:

1. The complaint in this proceeding was filed on September 1, 2012. (Doc. 1)

2. Summons was issued in this proceeding on December 5, 2012.

3. The Defendant Bochnak was served on December 17, 2012 (Doc. 8).

4. On January 8, 2013, James A. McGurk, entered his appearance after having been retained by the Defendant (Doc. 10)

5. A status hearing was held before the Court on January 23, 2013, (Doc. 12) at a time when the Defendant's counsel was defending an indigent defendant in a probation revocation hearing before the Hon. Joan Gottschall, U.S. District Judge, *U.S. v. Bahena-Gomez*. No. 07 CR 649-1.

6. On January 28, 2013, the Plaintiff moved for entry of default. (Doc. 13 )

7. On the same day, an order was entered granting default. (Doc. 14). The Defendant now moves to vacate the default pursuant to F.R.Civ.P. 55 (c) and moves for leave to file his answer, a copy of which is attached hereto as Exhibit A.

### *Standard for Setting Aside Default Pursuant to F.R.Civ. P. 55 (c )*

8. Defaults and default judgments are not favored under the federal rules because they are not consistent with the preference of federal courts to resolve disputes on their merits. *Cracco v. Vitran Exp., Inc*. 559 F.3d 625, 631 (7TH Cir. 2009).

9. As stated in *Cracco*, *"A party seeking to vacate the entry of default prior to the entry of default judgment must show '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" Cracco*, supra.

10. As set forth in the declaration of James A. McGurk, attached hereto as Exhibit B, the failure to file an answer was due to inadvertence.

11. The Defendant has moved promptly to vacate the default.

12. The Defendant has a meritorious defense to the claims asserted by the Plaintiff Mailbu Media.

13. As set forth in the complaint filed on 9/1/2012, Mailbu Media alleges that the defendant was "probably" an infringer of the Plaintiffs films.

14. Malibu Media has filed numerous lawsuits in this district. A listing of the lawsuits filed in 2012 by Mailbu Media in the Northern District of Illinois is attached hereto as Exhibit C.

15. U.S. District Judge Otis D. Wright, II, of the Central District of California, has described the Malibu Media practices in the following manner:

"*The federal courts are not cogs in the a plaintiff's copyright-enforcement business model. The Court will not idly watch was is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.*"  *Malibu Media, LLC v. John Does, 1 through 10, No. 12 cv 3623-ODW(PJWx)(C.D.Ca. /27/2012).*  A copy of that opinion is attached hereto as Exhibit D.

16. In this case, the Plaintiff's entire claim appears to arise from the allegation that its investigator was able to determine that an IP address associated with the Defendant was part of a BitTorrent infringement.  The affidavit of the investigator is not attached to the complaint.

17. Because the Plaintiff did not attach an affidavit of the investigator to its complaint, contrary to the representations in the complaint, it is not entirely clear how the Plaintiff alleges that it will be able to prove the alleged infringement.

18. In the *Malibu Media, LLC v. John Does 1-10* decision by Judge Wright, the Court stated, "*At this stage, the Court declines to opine whether transmitting pieces of a copyrighted work using BitTorrent, without transmitting all of the pieces, constitutes*

*copyright infringement. But this Court notes that Mailbu's case is weak if all it can prove is that the Doe Defendants transmitted only part of all the BitTorrent pieces of the copyrighted work."* *Malibu Media v. John Does, supra,* 6/27/2012 order, p. 5.

19. The Defendant has met all the requirements set forth in *Cracco v. Vitran Exp. Inc. supra* for entry of an order pursuant to F.R.Civ.P. 55(c) vacating the default (Doc 14).

WHEREFORE, the Defendant respectfully requests entry of an order pursuant to F.R.Civ.P. 55 (c) vacating the default and granting Defendant leave to file his answer to the complaint.

Dated: February 1, 2013                              Respectfully Submitted,
                                                     Robert Bochnak


                                                     By: /s/ *James A. McGurk*
                                                            James A. McGurk

Of counsel:

Law Offices of James A. McGurk, P.C.
10 South LaSalle Street
Suite 3300
Chicago, IL  60603
Tel: (312) 236-8900
Fax: (312) 277-3497

**CERTIFICATE OF SERVICE**

I, James A. McGurk, certify that I electronically filed a copy of the foregoing Motion with the Clerk of the United States District Court, Northern District of Illinois' CM/ECF system on February 1, 2013 and served the parties listed below by Electronic Mail and by First Class Mail:

Paul Joseph Nicoletti, Esq.
Nicoletti & Associates, Pllc
3880 Woodward Avenue
Suite 100
Bloomfield Hills, MI 48304

Mary K. Schulz, Esq.
Schulz Law, P.C.
1144 East State Street
Suite A260
Geneva, IL 60134

/s/*James A. McGurk*
James A. McGurk