**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action Case No. 12 C 7030 |
| vs. | ) ) ) | Hon. John J. Tharp, Jr. U.S. District Judge |
| **ROBERT BOCHNAK,** | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MOTION PURSUANT TO F.R.Civ. P. 37 FOR AN ORDER COMPELLING PLAINTIFF
MALIBU MEDIA, LLC
TO MAKE TOBIAS FIESER AVAILABLE FOR DEPOSITION**

NOW Comes, Defendant Robert Bochnak by his attorney, James A. McGurk, pursuant to Federal Rule of Civil Procedure 37, and respectfully moves for entry of an order compelling Plaintiff to make Tobias Fieser available as witness for deposition. In support of this motion, the Defendant states as follows:

1. The complaint in this proceeding was filed on September 1, 2012. (Doc. 1)

2. The complaint alleges copyright violations by Defendant Bochnak by use of participation in so called "BitTorrent swarm." That is to say that the complaint alleges that

Defendant Bochnak purportedly copied portions of the Plaintiff's copyright materials through a program referred to us as "BitTorrent."

3. As alleged in the complaint, the "BitTorrent" progam is not based on a single server but rather is a "peer to peer" system which permits users to share copies of files, including, it is alleged by Plaintiff, the Plaintiff's copy righted films.

4. The basis for the allegation against Defendant Bochnak is the declaration of Tobias Fieser, copy of which declaration is attached to the Amended Complaint as Exhibit A.

5. The Declaration states that Mr. Fieser is an employee of IPP Limited, a firm retained by Plaintiff to conduct forensic investigations.

6. According to Mr. Fieser's Declaration, specific software was used to review the activity for the Defendant's Internet Service Provider ("ISP") account, and that software demonstrated that a computer using the Defendant's IP address, participated in so called "Bit Torrent" copying events at specific times.

7. No other information was submitted in support of the allegations of the Plaintiff against Defendant Bochnak.

8. Subsequently, this Court set a discovery cut-off schedule, and extended that schedule through August 31, 2013.

### *The Notice of Deposition of Tobias Fieser*

9. On July 30, 2013, the Defendant sent a Notice of Deposition to the Plaintiff's counsel seeking to take the deposition of Mr. Tobias Fieser on August 29, 2013. A copy of that Notice of Deposition is attached as Exhibit A.

10. In response, on August 14, 2013, counsel for the Plaintiff sent an e-mail to counsel for the Defendant which stated: "*Mr. McGurk, you have sent a notice of deposition for an individual who is not employed by Malibu Media and resides in Germany...*" . A copy of that e-mail is attached as Exhibit B.

11. When counsel for Defendant asked if that meant the Plaintiff was not going to make Mr. Fieser available, counsel for the Plaintiff sent an e-mail that stated: "*I think my earlier email was quite clear.*" A copy of that e-mail is attached to this motion as Exhibit C.

***Defendant's Counsel has Complied with Local Rule 37.2***
***In Attempting to Reach an Accord***

12. Based upon the response of counsel for the Plaintiff, the Defendant has complied with the requirements of Local Rule 37.2 requiring the parties, through counsel to attempt to resolve the differences relating to any discovery dispute involving potential motions under F.R.Civ.P. Rules 26 through 37. As set forth above, counsel for the Defendant sought to notice the deposition of the individual who signed the declaration in support of the complaint, however, the Plaintiff has declined to make that individual available. Therefore, there are not other steps that can be taken by Plaintiff's counsel to resolve this dispute, and Plaintiff must turn to the Court.

***By Failing to Make Tobias Feiser Available for Deposition***
***The Plaintiff is Denying the Defendant the Opportunity to Learn the Foundation for***
***The Technical Detail Supporting the Allegations Against Him***

13. By using a consultant based outside the United States and making that consultant unavailable, the Plaintiff is essentially insulating the expert or consultant from any examination by Defendant.

14. The Plaintiff chose the consultant to execute a Declaration in Support of the Amended Complaint. There is no reason apparent on the face of the complaint which suggests why a consultant from Germany would have to be used for a copyright violation which is alleged to have occurred in Naperville, IL .

15. The first time the the Defendant was aware that Mr. Feiser was located in Germany was as a result of the August 14, 2013, e-mail from counsel for the Plaintiff. The Declaration of Tobias Feiser did not indicate that it was signed outside the United States by indicating where the Declaration was signed. The Declaration also includes the statement "*INTERNATIONAL IPTRACKER v1.2.1 was correctly installed and initiated on server located in the United States of America*." (Declaration of Tobias Feiser, Paragraph 14).

16. Germany is a signatory to the Hague Convention. While voluntary discovery from United States nationals may be conducted before a consular or diplomatic officer, Germany does have a very broad business secret privilege which covers almost all business documents, including bank accounts, tax records, contract negotiations and pricing policies. Haug & Minihane, *Discovery and Related Motion Practice*, in *Wining Strategies in Patent Litigation,* 499, 525 (PLI 1995).

17. Certain countries have adopted so called "blocking" statutes which prohibit compliance with United States discovery orders. In *Societe International Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197 (1958), the Supreme Court held that it was appropriate to require the plaintiff to produce documents located in Switzerland, even though the production would violate Swiss law. The Court did rule that it would be

inappropriate to dismiss the complaint for non-compliance where the non-compliance was not due to willfulness, bad faith or any fault of the responding party. Societe, supra, 357 U.S. at 212.

18. In this case, the decision to submit a Declaration from a resident of Germany on an issue of events allegedly occurring in Naperville, IL can only be described as bad faith and "gamesmanship." To require the Defendant to go through the extraordinary costs of a foreign deposition in Germany is profoundly unfair.

19. If the costs of bringing Mr. Fieser in the United States are prohibitive, it is the Plaintiff who have chosen Mr. Fieser as their expert.

20. F.R.Civ.P. 37 (b)(2) and (d) authorizes this Court to make such orders "as are just." Further, F.R.Civ. P. authorizes this Court to use a broad range of remedies. The sanctions listed in F.R.Civ.P. 37 are not exclusive but should be used with such flexibility and selectivity as the misconduct warrants. Wright and Miller, Federal Practice and Procedure, Civil, § 2284.

21. In this case, the remedy the Defendants suggests is that the Plaintiff make the Declarant Tobias Feiser available for a deposition in Chicago, IL on an expedited basis.

WHEREFORE, Defendant Bochnak respectfully requests entry of an order from this Court compelling Plaintiff Malibu Media, LLC to make Mr. Fieser available for his deposition on an expedited basis.

Dated: September 2, 2013　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　　Robert Bochnak


　　　　　　　　　　　　　　　　　　　　By: /s/ *James A. McGurk*
　　　　　　　　　　　　　　　　　　　　　　James A. McGurk

Of counsel:

Law Offices of James A. McGurk, P.C.
10 South LaSalle Street
Suite 3300
Chicago, IL 60603
Tel: (312) 236-8900
Fax: (312) 277-3497

20130902.MotionForAnOrderCompellingPlainitffMalibuMediaToMakeTobiasFieserAvailableForDeposition.rb.doc

**CERTIFICATE OF SERVICE**

    I, James A. McGurk, certify that I filed a copy of the foregoing Notice of Motion with the Clerk of the United States District Court, Northern District of Illinois' CM/ECF system on September 2, 2013, and served the parties listed below by Electronic Mail and by First Class Mail:

Paul Joseph Nicoletti, Esq.
Nicoletti & Associates, Pllc
3880 Woodward Avenue
Suite 100
Bloomfield Hills, MI 48304

Mary K. Schulz, Esq.
Schulz Law, P.C.
1144 East State Street
Suite A260
Geneva, IL 60134

                                        /s/*James A. McGurk*
                                         James A. McGurk